IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DON AND JUDY YOUNGS          §
d/b/a THE YOUNGS COMPANY     §
                             §
v.                           §   CIVIL ACTION NO. 4:08-CV-528-Y
                             §
IVAN HAUGH                   §
d/b/a CONTINENTAL REALTY, INC §

ORDER DENYING MOTION FOR STAY AND TO COMPEL ARBITRATION

Pending before the Court is the Motion to Compel Arbitration & Emergency Motion to Stay Discovery (doc. #13) filed by defendants Ivan Haugh and Continental Realty, Inc ("Continental" and, collectively, "Defendants"). After review of the motion, the Court concludes that Defendants have defaulted in proceeding with arbitration. As a result, their motion will be denied.

I.   Background

Don and Judy Youngs, through the Youngs Company, provide various support services for real-estate development. (Comp. at 2.) Continental is a real-estate developer. (*Id.*) The Youngses allege that they entered into an agreement ("the Agreement") with Continental under which the Youngses would provide certain services in furtherance of Continental's construction and development of low-income tax-credit housing under section 42 of the Internal Revenue Code. According to the Youngses, Defendants have failed to pay for services provided on several projects under the Agreement. The Youngses filed this breach-of-contract suit on September 3,

2008.

In their answer, Defendants asserted that the Agreement between the Youngses and Continental contained a choice-of-venue clause making venue improper in the Northern District of Texas. Defendants also asserted that the Agreement contained a binding arbitration clause. Defendants then filed this motion to compel arbitration, again asserting that the Agreement provides for mandatory arbitration.

Both the venue and arbitration arguments raised by Defendants are based on the same provision within the Agreement. In relevant part, paragraph 26 of the Agreement, entitled "Dispute Resolution," provides:

> Except for violations of the Covenants of Confidentiality, Non-Disclosure, and Non-Competition, which shall be enforceable in a court of equity, (a) any and all disputes among the parties to this Agreement arising out of or in connection with the negotiation, execution, interpretation, performance or non-performance of this Agreement and the transaction contemplated herein shall be solely and finally settled by arbitration, which shall be conducted in Topeka, Kansas, by a single arbitrator selected by the parties. The arbitrator shall be a person familiar with business transactions of the type contemplated in this Agreement and shall not have been employed or affiliated with any of the parties hereto. The parties hereby renounce all recourse to litigation aud agree that the award of the arbitrator shall be final and not subject to judicial review.

(Answer, Ex. A at 8, ¶26.) Based on this language, Defendants have filed their motion to stay these proceedings and compel arbitration.

No separate motion to transfer venue has been filed. And

because the selection of forum and the right to arbitrate are interrelated under the language of paragraph 26, the Court will simply address this as a motion to compel arbitration and for a stay. *Cf. Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901-02 (5th Cir. 2005)(treating arbitration clause requiring arbitration in the Philippines as a form of forum-selection clause).

II. Discussion

    A. The Federal Arbitration Act

Sections 3 and 4 of the Federal Arbitration Act ("FAA") "provide parallel devices for enforcing an arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Under § 4 a party may seek an order compelling arbitration of claims that are subject to a written arbitration agreement. *See* 9 U.S.C. § 4. Section 3 requires a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" to stay the judicial proceedings in favor of arbitration. *See* 9 U.S.C. § 3.

When deciding a motion to compel arbitration, courts within the this circuit employ a two-step inquiry. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). First, a court must determine whether the parties have agreed to arbitrate their dispute. *Id.* This involves "two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2)

whether the dispute in question falls within the scope of that agreement." *Webb v. Investacorp, Inc*., 89 F.3d 252, 258 (5th Cir. 1996). A Court next determines "whether constraints external to the parties' agreement foreclose the arbitration of those claims." *See Primerica Life Ins. Co.*, 304 F.3d at 471.

The right to arbitrate is contractual and is, therefore, subject to waiver. *See Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). Waiver may occur as a result of intentional conduct, the negligent failure to assert the right timely, or some other "default in proceeding with such arbitration." *See* 9 U.S.C. § 3; *see also Cure v. Toyota Motor Corp.*, 248 F. Supp. 2d 594, 597 (S.D. Miss. 2003); *Planet Beach Franchising Corp. v. Richey*, No. 07-9359, 2008 U.S. Dist. LEXIS 48523, at *12 (E.D. La. June 25, 2008) (discussing the equivalence of "default" and "waiver" under the FAA). But there is a strong policy in favor of arbitration under the FAA. *See Neal v. Hardee's Food Sys., Inc*., 918 F.2d 34, 37 (5th Cir. 1990). Courts within the Fifth Circuit "indulge a presumption against finding waiver. A party asserting waiver thus bears a heavy burden of proof in its quest to show that an opponent has waived a contractual right to arbitrate." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). And "[w]hen a timely demand for arbitration is made, the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver." *Republic Ins. Co.*

4

*v. Paico Receivables, LLC*, 383 F.3d 341, 346-47 (5th Cir. 2004). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Accordingly, there is a presumption against finding a waiver of the right to arbitrate. *Lawrence v. Comprehensive Bus. Servs. Co.*, 833 F.2d 1159, 1164 (5th Cir. 1987). With these principles in mind, the Court turns to the merits of the motion.

   B.   Analysis

   The Youngses do not contest the existence of an arbitration agreement. Nor do they contest that the issues in this case are subject to the arbitration agreement. Their opposition to the current motion arises out of a previous attempt to arbitrate this dispute. The Court's own review of the issues in this case and the arbitration clause at issue lead it to conclude that, absent wavier or default by Defendants, this case is subject to arbitration. There is an agreement containing an arbitration clause, and the validity of the agreement and the clause are uncontested. And the Youngses' breach-of-contract claim clearly falls within the clause: "any and all disputes . . . arising out of or in connection with the . . . performance or non-performance of this Agreement." Thus,

5

the issue becomes whether something external to the agreement, such as waiver or default, prevents arbitration of the breach-of-contract claim.

Courts generally speak of "waiver" in the arbitration context when a party has so invoked the judicial process as to forgo the right to arbitrate. *See, e.g., Republic Ins. Co.*, 383 F.3d at 344 ("Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."); *see also Richey*, 2008 U.S. Dist. LEXIS 48523, at *12 (discussing the use of the terms "waiver" and "default"). On the other hand, the term "default" is used in section 3 of the FAA; a court cannot stay judicial proceedings in favor of arbitration if there has been a "default in proceeding with such arbitration." 9 U.S.C. § 3. Regardless of whether the analysis is conducted in terms of "waiver" or "default" the point of the analysis is the same--to determine whether, through action or inaction, a party has forfeited its right to arbitrate. *See Richey*, 2008 U.S. Dist. LEXIS 48523, at *10-11 (collecting cases); *see also Sink v. Aden Enters.*, 352 F.3d 1197, 1201 (5th Cir. 2003) ("[A] party to an arbitration agreement may not compel arbitration of claims under FAA § 4 where a prior default in arbitration of those claims precludes that party from obtaining a stay of litigation pending arbitration under § 3.").

The Federal Arbitration Act provides no definition of "waiver"

or what it means for a party to be in "default."  The United States Court of Appeals for the Fifth Circuit has, however, explained that the determination of waiver or default "must be made on the peculiar facts of each case."  *Richey*, No. 07-9359, at *12 (citing *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) and *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 65 (5th Cir. 1987)).

Defendants assert that they did not waive their right to arbitrate by their delay in asserting such right.  Indeed, mere delay in asserting the right to arbitrate cannot alone amount to a waiver.  *See*, *e.g.*, *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991) (concluding thirteen-month delay between filing of suit and seeking to compel arbitration did not waive right to arbitrate).  Even so, "a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party."  *Tyco Int'l (U.S.) Ltd. v. Swartz (In re Tyco Int'l Ltd. Sec. Litig.)*, 422 F.3d 41, 47 n.5 (5th Cir. 2005).

In their response to the motion to compel, the Youngses state that in early 2007 they retained an attorney in Topeka, Kansas, to represent them in arbitration with Defendants.  By fall 2007, the Youngses had filed a case with the American Arbitration Association ("AAA") and a hearing was set for February 2008.  In December 2007 the Youngses served discovery requests on Defendants as part of the

arbitration proceedings. Defendants did not respond. The Youngses contacted AAA and were told that the organization could not compel Defendants to participate in the arbitration. According to the Youngses, they spent $2,500 in attorneys' fees in pursuit of arbitration.

Thus, the Youngses do not base their waiver argument solely on Defendants' delay. Rather, they argue that an arbitration was begun and Defendants refused to participate. Consequently, precedent holding that delay is insufficient to establish waiver and that the motivation for such delay is irrelevant does not require the Court to compel arbitration in this case. *See Walker*, 938 F.2d at 578 (stating that even though the party seeking to compel arbitration may simply intend to delay the proceedings the only question is whether the "delay constituted waiver"). And although general complaints about increased cost and delay related to a party's failure to timely invoke the right to arbitrate are not sufficient to overcome the presumption in favor of arbitration, *see id.* (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)), the Youngses have pointed to specific facts in support of their argument that Defendants are attempting to manipulate the exercise of their right to arbitrate. Defendants did not file a reply to address the facts and arguments raised by the Youngses' response. This failure is quite troublesome given that the Youngses response clearly goes beyond arguing that waiver

has occurred based on delay alone.

There are few cases dealing with default or waiver in the context of a party's refusal to participate in arbitration and a subsequent attempt to compel arbitration. But one court has stated that "a party who, when requested, has refused to go to arbitration or who has refused to proceed with the hearing before the arbitrators once it has commenced" has defaulted. *Kulukundis Shipping Co. v. Amtorg Trading Corp.*, 126 F.2d 978, 989 (2d Cir. 1942). In the present case, after the Youngses initiated arbitration proceedings, set an arbitration hearing, and served discovery requests on Defendants as part of the arbitration, Defendants apparently refused to respond or participate in the arbitration. Under the language from *Kulukundis Shipping Co.* it would appear that Defendants are in default. Indeed, in *Sink v. Aden Enterprises, Inc.*, the United States Court of Appeals for the Ninth Circuit affirmed a district court's conclusion that a party had defaulted and thus could not compel arbitration where that party had failed to participate in a prior attempt at arbitration. *See Sink v. Aden Enter., Inc.*, 352 F.3d 1197, 1198-1202 (9th Cir. 2003) (concluding a defendant who was contractually required to pre-pay arbitration costs and refused to do so in relation to an initial attempt at arbitration could not later compel arbitration). Moreover, in cases in which an attempt to compel arbitration was not barred by a prior refusal to participate in arbitration, the

9

refusing party has offered some justification. *See Planet Beach Franchising Corp. v. Richey*, No. 07-9359, 2008 U.S. Dist. LEXIS 48523, at *12-13 (E.D. La. 2008) (party's withdrawal from an arbitration after objection to opponent's selection of arbitrator was not a default; AAA later determined that the arbitrator should be removed, validating objection).

III. Conclusion

Accordingly, the Court concludes that Defendants have defaulted in proceeding with arbitration due to their refusal to participate in the arbitration begun by the Youngses. As a result, their motion to compel arbitration and to stay these proceedings is DENIED.

SIGNED March 18, 2009.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/jar